WILLIAM L. GRAY, APPELLANT, V. CATHERINE B.
GRAY, APPELLEE.

1. **Equity**: TITLE TO REAL PROPERTY: HUSBAND AND WIFE:
   STATUTE OF LIMITATIONS. In an action in equity between di-
   vorced husband and wife for the title to two city lots, commenced
   in 1880, the proof shows that in 1856 Enos Lowe and Jesse Lowe,
   the latter acting as a member of the Omaha City Company, quit
   claimed to the plaintiff lot 6, in block 204½, in Jeffrey's addition
   to Omaha. The plaintiff erected a dwelling house thereon, and
   with the defendant, they being then living together as husband
   and wife, went into the occupancy of the same. In 1859, the
   then mayor of Omaha, who in his official capacity held the legal
   title thereto from the United States, conveyed the same, together
   with an adjoining lot, to the defendant. This deed was imme-
   diately recorded, and the plaintiff had knowledge of the same.
   *Held,* Barred by the statute of limitations. Sec. 6, title ii, civil
   code, p. 531, C. S.

2. ———: ———: ADVANCEMENT TO WIFE. G. having acquired
   an equitable title to certain real estate, acquiesced in the same
   being conveyed to his wife by the person holding the legal title
   thereto. *Held,* That the same will be presumed to have been
   intended by G. as an advancement to his wife, and to create no
   trust. In this case such presumption is not overcome by testi-
   mony. *Bartlett v. Bartlett, post* p. 456.

APPEAL from the district court for Douglas county.
Tried below before SAVAGE, J.

*C. A. Baldwin,* for appellant.

*Albert Swartzlander,* for appellee.

COBB, J.

From the testimony in this case, it appears that in 1855
or 1856, before the entry of the town site of Omaha, the
parties, husband and wife, came to that place and were by
the original proprietors allowed to take up and occupy as a
homestead two city lots in the north part of the city. Here

the plaintiff erected a dwelling house, with other structures and appurtenances, and resided thereon for many years. In the first part of the year 1859, the town site of Omaha having been entered under the town site law, the said two lots were by the then mayor of that city, for the consideration of four dollars and sixty cents, conveyed to the defendant. The deed was placed on record January 3, 1859. The testimony is conflicting as to how the property came to be deeded to Catherine B. Gray instead of William L. Gray, the husband and head of the family, but the weight of testimony is to the effect that she had authority, either general or special, from him to take the title in her name, and that he knowing the facts at the time, or shortly after the execution and delivery of the deed, acquiesced therein.

It appears that about the year 1873, the plaintiff on account of domestic infelicity between him and the defendant, the precise nature or cause of which does not appear, separated from the defendant and left the state. On or about the third day of May, 1877, the said defendant commenced an action in the district court of Douglas county against the plaintiff for a divorce on account of the desertion of, and failure to support her, the defendant in this action. Afterwards, on the twenty-third day of June, 1877, the plaintiff herein, as defendant in said action, filed his answer therein, in which he denied that he had deserted or refused to support the said plaintiff in said action, but alleged that she was of so irascible and ungovernable temper as to make it impossible to occupy the same house with her. The said plaintiff herein also, in and by his said answer as defendant in the said action, alleged "that during the continuance of the said marriage, defendant by his industry acquired a large amount of property, to-wit: lots 6 and 7, in block 204½, in the city of Omaha, and built thereon out of the proceeds of the sale of other property by him acquired, and his labor, divers, to-wit: two houses,

and that the said property is of the value of about four thousand dollars. That by repeated solicitations and at plaintiff's request, defendant permitted the title to said property to be made to her, and that she has since so holden it," etc; and the said plaintiff in and by his said answer as defendant in the said action, prayed "that an equitable division of said property be made and plaintiff decreed to convey the premises to the defendant; that in the meantime the court will order that an equitable proportion of the rents and income be paid to this defendant," etc.; and it further appears that, on the twenty-first day of November, of the same year, the said plaintiff, as defendant in the said action, by his attorneys withdrew his said answer in the said action, and then and there allowed the said defendant, plaintiff in said divorce suit, to take a final judgment upon an *ex parte* trial, and in default of an answer from the said plaintiff, as defendant therein.

It appears from the record that the plaintiff is quite an old man and in indigent circumstances, and the defendant is an old woman, insane, and now is, and for the past several years has been, an inmate of the state hospital for the insane. Such being the case, we have examined and considered it with unusual anxiety, hoping that the facts might prove to be such as to afford to the court an opportunity to grant some measure of relief to the plaintiff. But we find more than one insuperable objection to disturbing the decree as made by the district court.

In the first place, the case is barred by the statute of limitations. Section 6 of the code provides that: "An action for the recovery of the title or possession of lands, tenements, or hereditaments, can only be brought within ten years after the cause of action accrued." This is an action in equity for the recovery of the title to lands. The testimony of the witness George Gray, together with the plaintiff's own statement in his sworn answer in the divorce case, forces the conclusion that the plaintiff knew of this

title being in the defendant shortly after the execution and delivery of the deed from the mayor of Omaha to her. That was more than twenty years before the commencement of this action. If the case does not come within the provisions of the statute above quoted, then it is covered by those of the sixteenth section, which provides that: "An action for relief not hereinbefore provided for can only be brought within four years after the cause of action shall have accrued." In any view of the case, the answer of the guardian *ad litem* setting up the statute of limitations presents a complete answer to the cause of action set up in the petition and established by the testimony. This was in effect a voluntary conveyance from husband to wife, and as this court holds in the case of *Bartlett v. Bartlett*, following, must be presumed to have been an advancement, and there is not sufficient testimony before us to overcome that presumption.

The decree of the district court must be affirmed.

DECREE AFFIRMED.