Schlageck v. Widhalm.

AFFIRMED.

HERMAN SCHLAGECK V. JOSEPH WIDHALM.

FILED JANUARY 3, 1900. No. 9,083.

1. Review: ASSIGNMENTS OF ERROR. Rulings of the trial court will not be reviewed which are not assigned as error in the petition in error.

2. Special Findings: VERDICT: JUDGMENT. A judgment will not be entered on special findings of fact in opposition to a general verdict, unless such special findings are inconsistent with the general findings.

3. Alteration of Instruments. A material alteration of a bond, after its approval, by a stranger to the instrument, without the consent of the obligee or obligor, will not release the latter.

4. ———: APPEAL BOND. Where an appeal undertaking is changed before its approval by increasing the amount of the penalty therein, without the knowledge or consent of the surety thereon, he is released from liability, if the approving officer had notice of such alteration before the approval.

5. Pleading: AMENDMENT: REVIEW. It is not reversible error to refuse a plaintiff to amend his petition to conform to the proofs, where, had such amendment been made, the undisputed evidence would not have justified a verdict in his favor.

ERROR from the district court of Platte county. Tried below before SULLIVAN, J. *Affirmed.*

*R. P. Drake* and *C. J. Garlow*, for plaintiff in error.

*F. M. Cookingham* and *Reeder & Albert, contra.*

NORVAL, J.

This was an action by Herman Schlageck against August Roemhild and Joseph Widhalm, as sureties on an appeal undertaking, which it is alleged they signed for one Bernard Schroeder. Roemhild made no appearance in the cause, nor does the record disclose that he was served with process. Widhalm interposed as a defense that the undertaking, after it was signed by him, was materially altered without his knowledge or consent, whereby it is claimed that he was released from all liability. There was a trial to a jury, who returned a general verdict for the defendant, and also made special findings. Plaintiff moved for judgment on the special verdict, which request was denied by the court, and judgment was rendered for the defendant on the general verdict.

The special findings were returned as follows:

"1. Was the bond in suit, which has been given in evidence as Exhibit No. 1, executed by the defendant and accepted by the justice of the peace, William Berg; as an appeal bond, in the case of Herman Schlageck v. Bernard Schroeder, tried before said justice?

"Answer. Yes.

"2. Was the penalty of the bond changed at any time from $306 to $328.80?

"Answer. Yes.

"3. Was said penalty so changed before or after it was signed by the defendant, Widhalm?

"Answer. After.

"4. If you say that the penalty of said bond was

changed, from $306.00 to $328.80, after it was signed by the defendant, Widhalm, you will state whether such change was made with the knowledge, authority or consent of the defendant, Widhalm?

"Answer. No.

"5. If said bond was so changed after defendant, Widhalm, signed it, by whom was such change made?

"Answer. We don't know.

"6. If you find that the bond was altered so as to make the penalty $328.80, instead of $306.00, state whether such change was made by the plaintiff, or with his consent, or by his authority, or to his knowledge?

"Answer. We find that the change was made without the plaintiff's consent or knowledge.

"7. What is the amount now due the plaintiff on the judgment rendered in his favor in the case in which said appeal bond was given?

"Answer. $233.40.

"8. What is your finding on the other disputed facts in the case?

"Answer. We find all other disputed facts in the case in favor of the plaintiff."

The eighth or last interrogatory and answer were, on motion of defendant, stricken out, on the ground that they had been inserted by the trial court. Complaint of this ruling is made in the brief filed, but we are precluded from considering the point, for the reason that the decision of the trial court in that regard is not assigned for error in the petition in error.

It is contended by counsel for the unsuccessful party that judgment should have been entered in favor of plaintiff on the special findings, notwithstanding the general verdict. If the eighth interrogatory and answer had not been stricken out, then the special verdict or findings would have justified the entry of a judgment thereon in favor of the plaintiff. But with the eighth finding eliminated, the remaining special findings were insufficient, alone, to warrant a judgment opposed to the general ver-

dict, because it was pleaded and proven that the undertaking had been materially altered by changing the amount of the penalty thereof, after the defendant had signed and before the undertaking had been approved by the justice. The special findings did not respond to this issue, while the general verdict in favor of the defendant embraced that point. If the alteration occurred after the approval, without the obligee's knowledge or consent, it would not have released the defendant from liability. See *Bingham v. Shadle*, 45 Nebr., 82. But the rule is different where the alteration occurred before the bond was approved, with notice thereof to the approving officers, since in such a case the instrument accepted and approved not being the one signed, the minds of the parties never met, and no binding obligation was created. See *Smith v. United States*, 2 Wall. [U. S.], 219.

Plaintiff declared on the undertaking or bond in its altered form, and after verdict he asked to amend his petition to conform to the proofs, by pleading the bond in its original condition. Had the amendment been made, plaintiff would not have been entitled to recover, since, under the undisputed evidence, the alteration of the instrument was made prior to the approval of the undertaking, with notice thereof to the justice. The judgment is

AFFIRMED.

SULLIVAN, J., not sitting.