DAVID VAN ETTEN, APPELLANT, v. PASSUMPSIC SAVINGS
BANK, APPELLEE.

FILED JULY 12, 1907.   No. 14 934.

1. **Husband and Wife:** ADVANCEMENTS. Where a husband purchases
real estate with the intention of making it the family home and
has the title thereto placed in the name of his wife, the pre-
sumption is that it was intended as a gift or an advancement
to the wife.

2. **Judgment:** RES JUDICATA. Where the title to real estate held in
trust is drawn into controversy in litigation, and the trustee
prosecutes or defends with the knowledge and consent of the
beneficiary, the beneficiary will be concluded by the result of
the litigation to the same extent as the trustee.

APPEAL from the district court for Douglas county:
GEORGE A. DAY, JUDGE.   *Affirmed.*

*David Van Etten,* for appellant.

*F. A. Brogan,* contra.

GOOD, C.

The appellant, David Van Etten, brought this action
to quiet title to a strip of ground 7 feet wide and 120 feet
long, being a part of lot 9, Capitol addition to the city
of Omaha.   The north end of this strip of ground fronts
on the south side of Harney street, and the east line of
the strip is 74 feet west of the west line of C. W. Keyes'
land.   The plaintiff in his petition alleges that he is the
owner and has been in continuous possession of this strip
of land since the 7th day of December, 1878, and avers
that the defendant, the Passumpsic Savings Bank, claims
to be the owner of said strip of land by reason of certain
conveyances, judgments and decrees of court, which are
of record, and that these conveyances, judgments and
decrees are clouds upon his title.   He prays to have his
title quieted and defendant enjoined from claiming any
right of property or possession to said parcel of real

estate, and from in any way interfering with plaintiff's ownership, rights of property and possession thereof. The defendant in its answer avers that it is the owner of the real estate in controversy, and asserts title to the same by reason of a conveyance from one Edward F. Test and by reason of judgments and decrees rendered against one Emma L. Van Etten, wife of the plaintiff herein. One of said judgments was in favor of said Test in an action of ejectment, brought by said Emma L. Van Etten against said Test, and the other a decree in an action to quiet title by said Emma L. Van Etten against said Test and the Passumpsic Savings Bank, both said judgments having been prosecuted to a final determination in the district court for Douglas county. Defendant further avers that plaintiff is the husband of the said Emma L. Van Etten, against whom said judgments and decrees were rendered, and that said Emma L. Van Etten claimed title to the real estate in controversy in this action under a deed of conveyance taken in her name in December, 1878, and that said deed was procured to be taken in her name by the plaintiff herein, and that the plaintiff acted as the attorney for said Emma L. Van Etten in both of said prior actions and in the prosecution thereof, and that said David Van Etten thereby held out the said Emma L. Van Etten as the sole owner of the title to the real estate in controversy, and further avers that the claim, or asserted right, now set forth in this action is the same claim of title which was made by the plaintiff as attorney for said Emma L. Van Etten in said former litigation, and that said David Van Etten at no time asserted any interest in himself in the real estate, except in his capacity as the husband of said Emma L. Van Etten, and that the plaintiff is now estopped from asserting any separate ownership or claim of title in himself as distinct or independent from the claim of title asserted by his wife in the former actions. Defendant also denied any title to, or any possession of, the property by the plaintiff. Plaintiff in his reply avers that he was not a party to the former actions brought by

Emma L. Van Etten, and asserts that he is not estopped by reason of his nonappearance in said actions, and avers that no verdict was rendered for the defendant in the action of ejectment brought by his wife against Test, and avers that the verdict was, in fact, returned for the plaintiff in said action, and that through fraud the journal of the court was falsely made to show that a verdict was returned in favor of the defendant, when in fact the verdict was in favor of the plaintiff, and asserts that the judgment of the district court and of the supreme court affirming it are null and void, and denied all of the other allegations of the answer. Trial was had resulting in findings and a decree for the defendant and dismissing plaintiff's petition. Plaintiff appeals to this court.

The facts gleaned from the record, necessary to an understanding of the case, are as follows: In 1878 one Gibson was the owner of a considerable portion of lot 9, Capitol addition to the city of Omaha, fronting on Harney street. In December of that year David Van Etten purchased from Gibson, and caused him to convey by warranty deed to Emma L. Van Etten, a portion of this lot, 40 feet wide, fronting on Harney street, and 126 feet deep. The east line of this strip was described as being 74 feet west of the west line of C. W. Keyes' land. This deed was recorded on the 7th day of December, 1878. Emma L. Van Etten, to secure the major portion of the purchase price, executed a mortgage to Gibson upon the land so conveyed to her. This mortgage was canceled and discharged upon the records by Gibson on the 20th day of July, 1880, and on the same day Gibson executed another warranty deed to Emma L. Van Etten, conveying to her a strip of land 40 feet wide by 120 feet deep in said lot 9. The east line of this strip was described as being 81 feet west of the west line of C. W. Keyes' land, and in this deed was a recital that it was executed to conform to a corrected survey, making the point of commencement 81, instead of 74, feet west of the west line of the Keyes land, as described in the former deed, referring to it by

date. There is a further recital that the former deed is superseded by this. This second deed was recorded on the 21st day of July, 1880. On the 3d day of April, 1880, Gibson conveyed to one Lindquist a strip of land 40 feet wide immediately east of the land described in the second deed to Emma L. Van Etten. The strip of land conveyed to Lindquist covered the land in controversy in this case, being the strip of land lying between the lines 74 and 81 feet west of the west line of Keyes' land, and extending 120 feet south of the south line of Harney street. Subsequently, by mesne conveyances, the Lindquist title was vested in Edward F. Test, who executed a mortgage upon the land. The Passumpsic Savings Bank became the owner of this mortgage by assignment, and foreclosed it in the United States circuit court for the district of Nebraska. The foreclosure proceedings resulted in a decree and sale of the property thereunder to the Passumpsic Savings Bank, and a deed by a special master commissioner was executed and delivered to said bank on the 8th day of December, 1892. On the 24th day of March, 1890, Emma L. Van Etten, by her attorney, David Van Etten, began an action of ejectment against Edward F. Test in the district court for Douglas county to recover possession of the strip of land in controversy, and in her petition alleged that the defendant Test had been unlawfully in possession of the said premises since the 26th day of June, 1886, and that he had received the rents and profits of the said land during said time, and prayed for judgment for the ownership and possession of the land and for the rents and profits. The petition was verified by the oath of David Van Etten. The defendant Test appeared, and answered in the case, and claimed the ownership of the lands. A trial was had resulting in a judgment for the defendant. The case was taken to the supreme court, where the judgment of the district court was affirmed, the opinion appearing in 49 Neb. 725. After the final determination of that action, and on the 18th day of September, 1897, Emma L. Van Etten commenced an

action against the said Test and the Passumpsic Savings
Bank to quiet title to the land now in controversy. Both
the defendants answered, and the defendant Passumpsic
Savings Bank, by way of cross-action, asked to have its
title quieted and confirmed to the strip of land. A trial
was had to the court, resulting in findings and a decree
in favor of the defendant. From this judgment Mrs.
Van Etten prosecuted an appeal to this court. The decree
of the lower court was affirmed by this court, the opinion
being found in 64 Neb. 407. David Van Etten appeared
as one of the attorneys for plaintiff in all of said litigation.
After a motion for a rehearing had been overruled and a
mandate issued, David Van Etten then commenced this
action in his individual name.

Plaintiff contends that, as he paid the consideration for
the purchase price of the property and directed the deed
to be made to his wife, a trust resulted in his favor, and
that he was the equitable owner of the property. It may
be conceded, as a general rule, that, where one pays the
purchase price for real estate and causes the title to be
taken in the name of another, a trust will result, and
that the person holding the legal title will be deemed
as holding the same for the person who paid the pur-
chase price. But this rule does not obtain where the
property is purchased by the husband and the title is
taken in the name of the wife. In such case it will be
presumed to be a gift or advancement to the wife, and
there is no resulting trust. This doctrine has been sub-
stantially announced by this court in *Gray v. Gray,* 13
Neb. 453, and in *Koborg v. Greeder,* 51 Neb. 365. In
this case the plaintiff testified that the property was pur-
chased for a home for himself and family, and that upon
a portion of said premises he erected a house shortly after
the purchase, in which he and his family have since
resided. Where the property was intended to be a home-
stead and for the use of the purchaser's family, and the
title thereto is taken in the wife's name, although the hus-
band paid the purchase price, we think the presumption

would be even stronger that it was intended as a gift or advancement, and that no trust would result. But, even if it be conceded that Emma L. Van Etten held the legal title in trust for David Van Etten, still the plaintiff would be entitled to no relief.

It is a well-established principle of law that a trustee, who holds the title to property, may defend for the beneficiary; and, when the title is attacked and the trustee defends with the knowledge and consent of the beneficiary, the beneficiary will be concluded by the result of the litigation to the same extent as the trustee is concluded by it. In the actions brought by Emma L. Van Etten to recover possession of the property and to quiet the title thereto, it appears that David Van Etten appeared for her, acted as her attorney, and had actual, full and complete knowledge of the litigation, and, in fact, directed and carried it on. The litigation in the actions prosecuted by Emma L. Van Etten was not only conclusive of her rights, but was conclusive of any rights that David Van Etten may have had in the property. He is as effectually bound by the decisions in the two former cases as if he had been a party thereto.

The plaintiff contends that the former decisions against Emma L. Van Etten are void, because by fraud the journal of the court was made to show that a verdict had been returned in the ejectment case for the defendant, when in fact it was rendered for the plaintiff, and that the judgment in the second action was based upon the adjudication in the ejectment action. It is sufficient answer to this to say that there is no competent evidence in the record to sustain the plaintiff's contention. It is true, the court permitted the plaintiff, over objections, to testify that the verdict in the ejectment action was in favor of the plaintiff, but the verdict was not produced and offered in evidence, nor was the clerk of the court, who is the proper custodian thereof, called to ascertain whether or not the original verdict could be produced. No sufficient foundation was laid to permit the plaintiff

to testify as to the contents of the verdict. The court journal, showing that the verdict was in favor of the defendant, was received in evidence. It is not to be permitted to overturn the solemn and binding judgments of courts of record in the manner attempted by plaintiff.

It follows that the judgment of the district court is right and should be affirmed.

Duffie and Epperson, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.