W. F. AUKER, APPELLANT, IMPLEADED WITH DELPHA MERCHANT ET AL., APPELLEES, V. BERTHA HENDRICKSON ET AL., APPELLEES: ARTHUR AUKER ET AL., APPELLANTS.

17 N. W. 2d 878

FILED MARCH 2, 1945. No. 31866.

Zacek & Nicholson and H. E. Siman, for appellants.

C. H. Hendrickson and Bertha Hendrickson, pro se, and Mark J. Ryan, contra.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER and CHAPPELL, JJ.

YEAGER, J.

Stephen E. Auker, a resident of Wayne county, Nebraska, died in August, 1934, leaving surviving him a widow and nine children. At the time of his death he held title to a 240-acre farm and personal property of the value of about $1,913.28 and in addition, promissory notes of approximately $11,000 owing by seven of the children to the

decedent. The smallest principal amount owing by any of the seven children was $460. The seven are the following: W. F. Auker, Arthur Auker, Clarence Auker, Edward J. Auker, Guy Auker, Hobart Auker and Irvin Auker. The widow was a second wife and the mother of none of his children. By reason of an antenuptial agreement, she was not entitled to share in the disposition of the estate. Although there was a purported will the estate was probated as an intestate estate, apparently by consent of all of the children. The farm was heavily encumbered but the estate was solvent.

Earl E. Merchant was appointed and qualified as administrator of the estate. He filed an original inventory but in this inventory did not include the notes payable to the decedent. Later on these were included in a supplemental inventory. During the process of administration the administrator was permitted to and did expend $1,500 of the funds of the estate to purchase a house and lot in the city of Wayne, Nebraska, for the estate. Still later the administrator obtained a license from the district court to sell the equity in the farm and the house and lot. Sale was made to Delpha Merchant, one of the children, and wife of the administrator, and Bertha Hendrickson, also one of the children, and wife of the attorney for the administrator, for $5,420. These two children were in nowise indebted to the estate. Thereafter, Bertha Hendrickson and Delpha Merchant sold the house and lot for $4,000.

The estate was closed pursuant to final decree entered June 24, 1938. The apparent distribution was made as follows: $460 was credited on the notes of each of the seven children who were indebted to the estate; Bertha Hendrickson and Delpha Merchant were each paid $460; Earl E. Merchant, administrator, received a fee of $500; C. H. Hendrickson, attorney for the administrator, received $500; and the expense of the administration was paid. In truth and fact, nothing was paid out except the administration expense. No fee for either the administrator or his attorney was ever paid. Bertha Hendrickson and Delpha Merchant

retained title to the land and the proceeds of their sale of the house and lot. The notes of the seven as credited were returned to one for the seven.

The action here is by W. F. Auker, Delpha Merchant and Earl H. Merchant, her husband, to declare a trust in Bertha Hendrickson and Delpha Merchant for the benefit of the nine children of Stephen E. Auker of the farm in question; to remove Bertha Hendrickson as trustee and that an accounting be had and indebtedness determined on the notes of the children payable to the decedent or the estate. The action is against Bertha Hendrickson and C. H. Hendrickson, her husband, Arthur Auker, Clarence Auker, Edward J. Auker, Guy Auker, Hobart Auker and Irvin Auker.

In the action the defendants Arthur Auker, Clarence Auker, Edward J. Auker, Guy Auker, Hobart Auker and Irvin Auker filed an answer and cross-petition wherein they allege that the sale of the farm was void. They pray that the sale of the farm be set aside and that title thereto be decreed to be in the estate of Stephen E. Auker, deceased. They further pray that in case the sale shall not be set aside that Delpha Merchant and Bertha Hendrickson be decreed to be trustees for the benefit of the heirs of Stephen E. Auker, deceased, and that on proper accounting they be discharged as trustees and the trust terminated.

The defendants Hendrickson, by answer and cross-petition, allege that all proceedings were regular; that Bertha Hendrickson and Delpha Merchant are the owners of the farm. They ask the appointment of a receiver, an accounting between Bertha Hendrickson and Delpha Merchant and that title to a one-half interest in the farm be quieted in Bertha Hendrickson.

The decree of the district court sustained the answer and cross-petition of the defendants Hendrickson in all respects except that no receiver was appointed. The plaintiff, W. F. Auker, and the defendants Auker have appealed. The assignments of error are numerous.

The first assignment to which attention will be directed is that the sale was void, or at least voidable, under section

30-1118, R. S. 1943. This contention in the light of the evidence presents no great difficulty in its disposition. Had there been an intention at the time the sale was made that Bertha Hendrickson and Delpha Merchant should become the absolute owners of the farm this question would require determination, but the evidence to the contrary is convincing. The evidence indicates plainly that it was the intention to take title for the benefit of the heirs. Conversations related in the evidence between different heirs with Bertha Hendrickson, Delpha Merchant, Earl E. Merchant and C. H. Hendrickson lead preponderantly to that conclusion, as we shall point out.

In the evidence is related the details of an occurrence after the sale when C. H. Hendrickson, at least as the representative of his wife and with her knowledge, if not of the other purchaser, began the preparation of a trust agreement for a declaration and division of interests in the farm among the heirs which agreement was never completed because of a failure to come to a complete understanding. This was not conclusive of anything but it was inconsistent with a claim of absolute ownership in Bertha Hendrickson and Delpha Merchant. There is also documentary evidence strongly tending to refute a claim of absolute ownership. On July 2, 1938, a statement signed by the purchasers was sent to the heirs which contained the following: "However, if any of the boys want the farm within six months or a year, and pay in cash a sufficient amount to equalize the matter, they may do so." In a letter from the administrator to one of the heirs dated July 14, 1938, appears the following: "But while the girls have title to the land we do not consider it as a bonified sale because that is not fair to the rest of the heirs." "The girls then give me the power of attorney to act as their agent. in all manner regarding this property. even to the selling of the same and the distribution of the proceeds." "So as to the final settlement when it comes they will have to rely on my personal honesty and intregity." "the origional loan on the farm was ten thousand five hundred. which I have cut to about ninty five hun-

dred. this reduction each year and the prospects of getting an increase in price in a few years will eventually leave us ecquity in the place." On July 2, 1938, the administrator wrote to the same heir. In that letter appears the following: "Then in order to get it out of court we deeded it to the two girls. they in turn give me power of attorney to act as their agent. and signed an agreement that any time the place is sold that the rest of the heirs shall share and share alike." In a letter bearing date of September 22, 1939, Bertha Hendrickson wrote W. F. Auker. The letter contained the following: "I hope we all live to see the farm sold and get something out of it." In a letter from the administrator to W. F. Auker, dated September 9; 1939, the following appears: " * * * and when we took it out of court to save expences the understanding between Bert Buck Delpha and I was that I was to look after It and make it pay òut if possible an if there was a chance to get any thing off of it or for it the boys were to have it, * * * ."

Another step was taken which can be consistent only with an intention to take title for the heirs, or a fraud in the probate of the estate. The house and lot and farm were sold together for $5,420. This was shown by the final account and petition for distribution. This is the amount purported to have been distributed. The purported distribution was as follows:

| | |
|---|---|
| C. H. Hendrickson, attorney fee | $500.00 |
| E. H. Merchant, administrator's fee | 500.00 |
| First National Bank, balance of note | 280.00 |
| Art Auker, credit on note | 460.00 |
| Bertha Hendrickson, cash | 460.00 |
| C. O. Auker, credit on note | 460.00 |
| E. J. Auker, credit on note | 460.00 |
| Delpha Merchant, cash | 460.00 |
| W. F. Auker, credit on note | 460.00 |
| Guy Auker, credit on note | 460.00 |
| H. M. Auker, credit on note | 460.00 |
| Irvin Auker, credit on note | 460.00 |
| | $5,420.00 |

It is clear that neither Bertha Hendrickson nor Delpha Merchant paid in anything on the purchase price, nor did C. H. Hendrickson or Earl H. Merchant actually collect the fees allowed. They in fact, but not by any formal action, released these amounts to their respective wives as credits on the purchase price of the house and lot and the farm. This amounted to receipt out of the $5,420 by Bertha Hendrickson of $960 and a like amount by Delpha Merchant. These amounts added to the $280 reported payable to the First National Bank amounted to $2,200. This total deducted from $5,420 left a balance of $3,220 which has not to date been distributed or in anywise accounted for by the administrator. If there was an absolute sale intended to the sisters then there was $3,220 distributable among all of the nine heirs subject to the right of retainer by the administrator against those indebted to the estate if this amount could be considered a part of the personal estate of the decedent, which we doubt but do not decide. See *Stanton v. Stanton,* 134 Neb. 660, 279 N. W. 336; *Fischer v. Wilhelm,* 139 Neb. 583, 298 N. W. 126; *Nelson v. Janssen,* 144 Neb. 811, 14 N. W. 2d 662. A failure to distribute the $3,-220, in case of an absolute purchase, would have amounted to an illegal conversion thereof. It may well be pointed out here that a determination of interests under the doctrine of retainer is not before the court in this action. It has not been made an issue.

We prefer to believe and to hold, and we think the evidence supports the belief and the holding, that an intention on the part of Bertha Hendrickson, Delpha Merchant and Earl E. Merchant to take title to the farm for the benefit of all the heirs and to place them on an equal basis with regard to interest therein existed at the time of the sale of the farm. Any other view would ascribe an intention on the part of the purchasers to become unjustly enriched at the expense of at least a portion of the other heirs.

Having become convinced that at the time the sale was made that Bertha Hendrickson and Delpha Merchant purchased for their benefit as well as of the other heirs it fol-

lows that the title they took was for all the heirs. In other words a "resulting trust" came into being with Bertha Hendrickson and Delpha Merchant as trustees of the farm in Wayne county, Nebraska, for the benefit of all of the children of Stephen E. Auker, deceased. We thus limit the trusteeship to the farm since no party in this proceeding either questions the title that they took to the house and lot or seeks an accounting of any kind or character in connection with their sale thereof.

In the opinion in *Hanson v. Hanson*, 78 Neb. 584, 111 N. W. 368, it is said: "Implied trusts are of two species, one denominated a 'resulting trust,' and the other a 'constructive trust.' In the first class are those trusts which attach to a legal estate acquired by consent of the parties, not in violation of any fiduciary duty or trust relation, for the common benefit of both trustee and *cestui que trust*. This trust arises out of, and is declared in favor of, the intent of the parties creating it. Its inception is in good faith and in furtherance of fair and honest dealing." Aside from what may have been the latterly conceived notion by some party or parties to the transaction, we are convinced that in the first instance the purchasers were motivated by good intentions and a desire to accord fair and honest dealing to their brothers.

In the light of the conclusions thus arrived at the other errors assigned do not require discussion.

The petition and the cross-petition demand that the trustees be required to make an accounting and that Bertha Hendrickson be removed as one of the trustees, and that some other suitable person be designated as a substitute trustee in her stead. In addition the cross-petitioners pray that the trustees be discharged and the trust terminated.

Equity and justice require that the said trustees shall make an accounting of their trusteeship from the date that they took title to the farm.

The decree of the district court is reversed and the cause remanded to the district court with directions to that court to decree that the title to the farm in question sold by Earl

E. Merchant, administrator, was taken by Bertha Hendrickson and Delpha Merchant as trustees for and for the benefit of all the children of Stephen E. Auker, deceased; that Bertha Hendrickson, Delpha Merchant, W. F. Auker, Arthur Auker, Clarence Auker, Edward J. Auker, Guy Auker, Hobart Auker and Irvin Auker, are each the owner of an undivided one-ninth interest in the farm as tenants in common; that the said trustees be required to make an accounting to the district court of their trusteeship from the date of sale; and that on the making of an accounting by the trustees they be discharged and the trust terminated.

REVERSED, WITH DIRECTIONS.