JAY REETZ, APPELLEE, V. OLE OLSON ET AL., APPELLANTS.

20 N. W. 2d 687

FILED NOVEMBER 30, 1945. No. 31975.

*C. W. Peasinger*, for appellants.

*Arthur L. Burbridge*, for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ

MESSMORE, J.

The plaintiff brought this action in equity in the district court for Knox County to obtain judgment that he be de-

clared the actual owner of a school lease entered into with the Commissioner of Public Lands and Buildings of Nebraska on certain land located in Knox County, and to compel the defendant, Ole Olson in whose name the lease was taken, to assign the lease to the plaintiff pursuant to and in compliance with an oral agreement made by and between the plaintiff and the defendant, Ole Olson. The defendant Frieda Olson, wife of Ole Olson, appearing to have no interest in the subject matter, has no rights to be determined in this appeal.

The record discloses that for several years the school lease in question had been in the plaintiff's family; in 1934, the plaintiff was the owner of the lease and in default of rent payments; the lease was delinquent in March 1934, and was to be relet in December 1934. The plaintiff was not eligible to bid on the lease at the reletting by rule of the Board of Educational Lands and Funds, being in default of rent payments. The plaintiff testified in substance that he talked the matter over with the defendant, his brother-in-law, and they orally agreed that the lease should be taken in the defendant's name and the plaintiff would pay the required amounts to procure the lease, the balance due the state, and all rentals as provided for in the lease, and remain in possession of the land, and when the payments in default were made, and it being understood the defendant had no interest in the lease, the defendant was then to assign the lease to the plaintiff. The plaintiff improved the premises by placing a tubular well thereon, moving the windmill, and putting in some steel posts, at an expense of approximately $200. The defendant denied that any such oral agreement was made with the plaintiff; that the plaintiff was in default of rent payments and could not raise the money to bid on the lease, therefore the defendant bought the lease as an investment, permitting the plaintiff to use the land until such time as the defendant would require its use. A witness, a brother-in-law of both parties and county chairman of the A. A. A. and in such capacity having business with the plaintiff, testified in substance that plaintiff

spoke of the lease being in the name of the defendant and he did not know whether he could have the use of the land for the year subsequent.

There is no dispute with reference to the following facts: The lease was executed by the Commissioner of Public Lands and Buildings, dated February 20, 1935; the defendant Ole Olson was named as lessee and the rent payments were set forth; the plaintiff paid the necessary amount to procure the lease in the name of the defendant, and all the rents as the same became due except a payment made by the defendant in July 1944, after difficulties arose between the plaintiff and defendant; and also paid all rents that were in default at the time the lease was taken in the defendant's name, as evidenced by check, letter, and receipt exhibits appearing in the record, dated October 29, 1943, November 2, 1943, and November 3, 1943, respectively.

The foregoing constitutes the material evidence necessary to a determination of this case.

The trial court found generally for the plaintiff and against the defendant; that the school lease described was the property of the plaintiff and the defendant had no interest therein, but acted only as agent for the plaintiff in taking the lease in his own name; and that the plaintiff was entitled to an assignment thereof within 30 days from the entry of the decree, which was February 1, 1945. The defendant filed a motion for a new trial, which was overruled, and the defendant appeals, setting forth as error that the judgment is contrary to the evidence and the law, and that the oral contract alleged to have been made between the plaintiff and defendant was void and barred by the statute of frauds, citing section 36-105, R. S. 1943.

From an analysis of the evidence and the attendant circumstances, we are convinced that a resulting trust was created. "Although the term has been broadly defined as a trust which is raised or created by the act or construction of law, in its more restricted sense and contradistinguished from constructive trusts a resulting trust has been defined to be one raised by implication of law and presumed always

to have been contemplated by the parties, the intention as to which is to be found in the nature of their transaction, but not expressed in the deed or instrument of conveyance (in the instant case the school lease). Such trusts are also called 'presumptive' trusts, and are frequently defined in terms of or in connection with the character of the transaction out of which they most frequently arise, namely, where one person pays the consideration for a purchase and the title is taken in the name of another, * * * ." 65 C. J., Trusts, s. 13, p. 222. See, also, 1 Perry, Trusts and Trustees (7th ed.), s. 124, p. 183; Restatement of the Law, Trusts, s. 2, p. 6, also, s. 404, p. 1250.

The law is well established in this state that when one person buys real estate and pays the purchase price thereof, and the title is taken for convenience in the name of another, the person taking the title will hold the property in trust for the person paying the purchase price. Doll v. Doll, 96 Neb. 185, 147 N. W. 471; 99 Neb. 82, 155 N. W. 226. See, also, Auker v. Hendrickson, 145 Neb. 687, 17 N. W. 2d 878; Lamb v. Sandall, 135 Neb. 300, 281 N. W. 37; Chicago, B. & Q. R. Co. v. First Nat. Bank of Omaha, 58 Neb. 548, 78 N. W. 1064, 59 Neb. 348, 80 N. W. 1039; Bailey v. Dobbins, 67 Neb. 548, 93 N. W. 687; Van Etten v. Passumpsic Savings Bank, 79 Neb. 632, 113 N. W. 163. The rule could be no different where a lease is involved as shown by the evidence in the instant case.

It is well settled that trusts arising by implication or by operation of law are excepted from the operation of the statute of frauds. Both resulting and constructive trusts fall within the exception. See Doll v. Doll, *supra;* Windle v. Kelly, 135 Neb. 143, 280 N. W. 445; O'Shea v. O'Shea, 143 Neb. 843, 11 N. W. 2d 540.

The testimony of the plaintiff and defendant is in conflict. In this connection, upon an appeal of an action in equity, when the testimony of the witnesses orally examined before the court on the vital issues is conflicting, this court will, while trying the case de novo, consider the fact that the trial judge observed the witnesses and their manner of tes-

tifying, and must have accepted one version of the facts rather than the opposite. Rogers v. Casady, 134 Neb. 227, 278 N. W. 267; Lamb v. Sandall, *supra*.

For the reasons given in this opinion, the judgment of the district court is affirmed.

AFFIRMED.