THE OMAHA NATIONAL BANK, EXECUTOR OF THE ESTATE OF THEODORE N. GANAROS, DECEASED, APPELLANT, v. SAM KOLIOPOULOS, APPELLEE.

285 N. W. 2d 496

Filed November 20, 1979. No. 42351.

Norman Denenberg, for appellant.

Martin A. Cannon of Matthews & Cannon, P.C., for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

This is a related case to our decision in Pflasterer v. Omaha Nat. Bank, 201 Neb. 427, 268 N. W. 2d 104. In that case plaintiff, a daughter of the decedent, Theodore N. Ganaros, successfully established her right to specific performance of a contract to make a will; and this court impressed a constructive trust on the assets of the estate. The contract to make a will and an actual will were drawn in 1971. The will admitted to probate bequeathed all shares owned by the decedent in a corporation known as Ted's Enterprises, Inc., to a nephew, Sam Koliopoulos. The nephew was not mentioned in the 1971 will.

In this action, the executor of the estate of Theodore N. Ganaros brought suit against Sam Koliopoulos to set aside a transfer of 255 shares of Ted's Enterprises, Inc., (all shares owned by Ganaros) from Ganaros to Koliopoulos. Marian G. Pflasterer, the daughter, was not a party to this action. In its petition, the executor alleged that Ganaros was not competent to transact business on the date of the transfer and that the transfer was for an insufficient consideration. The trial court found for the defendant, Sam Koliopoulos, and plaintiff bank appeals.

The plaintiff assigns two errors in the court's findings: That decedent Ganaros was competent to transfer the stock; and the refusal to permit plaintiff to amend its petition at the close of all the evidence to allege that decedent had never assigned or transferred the stock.

On consideration of the whole record, we agree with the trial court that Theodore N. Ganaros was competent at all times vital to this case and was, in fact, carrying out a long-held desire to see that his

nephew eventually owned all shares of Ted's Enterprises, Inc. Especially persuasive to us, as it was to the trial court, was the testimony of Frank Frost, the private attorney of Ganaros and his friend for many years, who testified unequivocally that Ganaros understood the transaction and willingly entered into it. No further discussion of the evidence in this case would be fruitful, such as nurses' notes, evidence of physical frailty, opinions of attendants, physicians, etc. It is sufficient to state that we consider the weight of the evidence sustains the trial court's holding.

The plaintiff next asserts that the trial court erred in refusing to allow amendment of its petition at the close of the case. Amendment is not a matter of right but is addressed to the sound discretion of the trial court and its decision will not be disturbed unless there has been an abuse of discretion. Sleezer v. Lang, 170 Neb. 239, 102 N. W. 2d 435 (1960); § 25-852, R. R. S. 1943.

From the inception of the action 15 months before trial until the defendant rested, the sole and only issue in the case was the competency of Theodore N. Ganaros. Clearly, the theory of the claim was substantially changed. The trial court did not abuse its discretion by denying the amendment. Johnson v. American Smelting & Refining Co., on rehearing, 80 Neb. 255, 116 N. W. 517 (1908).

In any event, even if the court had allowed the amendment, the relief prayed for could not properly have been granted. "It is not reversible error to refuse a plaintiff to amend his petition to conform to the proofs, where, had such amendment been made, the undisputed evidence would not have justified a verdict in his favor." Schlageck v. Widhalm, 59 Neb. 541, 81 N. W. 448, (1900). The plaintiff's sole assertion is that Ganaros did not endorse the certificate or authorize anyone else to do it for him.

However, a copy of the minutes of the meeting of the corporation's stockholders and directors signed by Ganaros, reciting the fact of the sale and transfer, was introduced in evidence.

No evidence was introduced that the certificate was not delivered to Koliopoulos. Indeed, the certificate contains a recitation to the contrary. A delivery of a stock certificate without endorsement may be sufficient to effect a transfer between the parties since, under section 8-307, U. C. C., endorsement is necessary only for the transferee to become a bona fide purchaser as against third parties. In re Estate of Jorgensen, 217 N. E. 2d 290 (Ill. App. 2d, 1966).

The transfer of the stock from Ganaros to Koliopoulos occurred in March 1976 after the 1971 contract between Pflasterer and Ganaros which we enforced in Pflasterer v. Omaha Nat. Bank, *supra*.

No issue being here presented as to any rights as between Pflasterer and Koliopoulos, none is decided.

AFFIRMED.