MARIAN G. PFLASTERER, APPELLANT, V. SAM KOLIOPOULOS, APPELLEE.

328 N.W.2d 789

Filed January 14, 1983. No. 81-755.

Ben F. Shrier, for appellant.

Martin A. Cannon and Cynthia G. Irmer of Matthews, Cannon & Riedmann, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

This is the third in a series of cases involving the estate of Theodore N. Ganaros, deceased (Ganaros). In the first case, *Pflasterer v. Omaha Nat. Bank,* 201 Neb. 427, 268 N.W.2d 104 (1978), we determined that an agreement existed between Ganaros and his daughter Marian G. Pflasterer, plaintiff-appellant in the instant appeal, to will all but $28,000 of dece-

dent's estate to Pflasterer. We held she was entitled to specific performance of that agreement and impressed a trust on the assets of the estate for Pflasterer's benefit. In the second case, *Omaha Nat. Bank v. Koliopoulos,* 204 Neb. 752, 285 N.W.2d 496 (1979), hereinafter referred to as *Koliopoulos I,* we rejected the executor's effort to set aside the transfer by Ganaros of his 255 shares of the capital stock of Ted's Enterprises, Inc., (all of the shares owned by Ganaros) to his nephew Sam Koliopoulos, the defendant-appellee herein. We stated that Ganaros was competent to carry out his "long-held desire to see that his nephew eventually owned all shares of Ted's Enterprises, Inc." *Id.* at 753-54, 285 N.W.2d at 498. We observed that the subject stock transfer occurred after the making of the contract which we enforced in the first case, and specifically stated we did not decide, the issue not being presented, any rights as between Pflasterer and Koliopoulos.

In this action Pflasterer seeks to impress a constructive trust on the 255 shares of capital stock in Ted's Enterprises, Inc., which were the subject of *Koliopoulos I.* Pflasterer asserts herein that the transfer occurred without adequate consideration, that Koliopoulos was therefore not a bona fide third party purchaser, and thus he should be declared to be a constructive trustee in equity for Pflasterer's benefit. Koliopoulos answered with a number of alternative defenses, including the affirmative defense that, as a result of *Koliopoulos I,* this action is barred by the doctrine of res judicata. The District Court found for Koliopoulos on the general issues of the propriety of the transfer of the capital stock; the sufficiency of consideration, if required; and the presence or absence of intent to defraud Pflasterer. The trial court dismissed Pflasterer's petition and this appeal followed.

Pflasterer assigns as error the findings that her father could properly dispose of the stock at issue in

his company during his lifetime without receiving fair and adequate consideration therefor; that the conveyance from her father to Koliopoulos did not constitute a fraudulent conveyance with an intent to defraud; and, finally, that there was fair and adequate consideration to support the transfer at issue.

We conclude, for the reasons set forth hereinafter, that this case is barred by virtue of the final judgment rendered in *Koliopoulos I.* We, therefore, affirm the trial court's judgment. Such disposition makes unnecessary any consideration of Pflasterer's assignments of error.

The record establishes *Koliopoulos I* was instituted by the executor of Ganaros' estate at Pflasterer's specific and written behest. Not only are the very same shares of capital stock of Ted's Enterprises, Inc., involved in both *Koliopoulos I* and this case, but among the reasons given by Pflasterer to the executor for instituting *Koliopoulos I* and seeking to set aside the transfer was the claim that there existed "no *real* consideration for the transfer." (Emphasis in original.) The *Koliopoulos I* petition alleged, among other things, that there had been no consideration for the transfer and prayed for an order directing Koliopoulos to "deliver, assign, transfer and convey" the shares of capital stock to Pflasterer. The bill of exceptions in *Koliopoulos I,* received in evidence in this case, establishes that although Pflasterer's evidence therein was directed toward her father's mental and physical condition at the relevant times, Koliopoulos' evidence bore on the consideration issue as well, at least to the extent of touching upon the financial condition of Ted's Enterprises, Inc., and the inducements proffered by Ganaros to Koliopoulos at certain relevant times in order to persuade Koliopoulos to return to the business operated by Ted's Enterprises, Inc. However, as will be seen by the body of case law discussed *infra*, it matters not whether the evidence in *Koliopoulos I* actually addressed consideration as an issue.

Our most recent review of the elements of res judicata is found in *Brommer v. City of Hastings,* 212 Neb. 367, 322 N.W.2d 787 (1982). We said therein that the scope of the res judicata bar encompasses not only the issues actually litigated in the prior proceeding but also those issues which could have been raised. We also said that any right, fact, or matter in issue and directly adjudicated in a prior proceeding, or necessarily involved in the determination of such action before a competent court in which the judgment or decree was rendered upon the merits, is conclusively settled by such a judgment and may not again be litigated between the parties or their privies, whether the claim, demand, purpose, or subject matter of the two suits would or would not be the same. In the earlier case of *DeCosta Sporting Goods, Inc. v. Kirkland,* 210 Neb. 815, 316 N.W.2d 772 (1982), we had said that a right or fact in issue and directly adjudicated in an action in which a judgment has been rendered upon the merits is, by that judgment, conclusively settled and may not again be relitigated between the parties and their privies. We also said that, generally, the rule of res judicata is grounded upon public policy requiring a termination of litigation and on the general belief that a person should not be vexed more than once for the same cause of action. In *Vantage Enterprises, Inc. v. Caldwell,* 196 Neb. 671, 244 N.W.2d 678 (1976), we held that a suit on express contract effectively barred a subsequent action on quantum meruit based upon the same facts and evidence. We said therein that to constitute res judicata, the former suit must be founded on the same cause of action as the latter suit and that the general test to determine the identity of causes of action is whether the same evidence will sustain both the present and former actions. The above-cited cases teach that a former action bars all those issues which could have been raised upon the same facts sought to be presented in a subsequent action.

Therefore, if Pflasterer and the executor of Ganaros' estate were privies, or if Pflasterer may be otherwise bound by the bank's action in bringing *Koliopoulos I,* then res judicata will necessarily bar this proceeding. Even if the same issues had not been raised and evidence thereon adduced in both suits, such could have been done since the general aim of *Koliopoulos I* was to set aside the inter vivos transfer of the subject capital stock by the deceased Ganaros to Koliopoulos, and it is that very same result, based upon the very same set of facts, which is sought in the instant case.

Although it is true that Omaha National Bank in *Koliopoulos I* was acting as an executor, for purposes of that suit per se the bank is more properly characterized as having acted as a trustee for the benefit of Pflasterer. This was by virtue of the fact that in *Pflasterer v. Omaha Nat. Bank,* 201 Neb. 427, 268 N.W.2d 104 (1978), we found said bank to be a constructive trustee of the assets of the estate for the benefit of Pflasterer. "It is a well-established principle of law that a trustee, who holds title to property, may defend for the beneficiary; and, when the title is attacked and the trustee defends with the knowledge and consent of the beneficiary, the beneficiary will be concluded by the result of the litigation to the same extent as the trustee is concluded by it. . . . [The beneficiary] is as effectually bound by the decisions in the two former cases as if he had been a party thereto." *Van Etten v. Passumpsic Savings Bank,* 79 Neb. 632, 637, 113 N.W. 163, 165 (1907). Pflasterer not only had knowledge of and gave consent to trustee Omaha National Bank to prosecute *Koliopoulos I* but in fact served an express written demand upon it to so do; she is necessarily bound by that proceeding and may not now litigate issues which could have properly been raised, and in fact were raised, at that time. This is but a variation on the more general principle enunciated in *Drainage District v. Kirkpatrick-Pettis Co.,* 140 Neb.

530, 538, 300 N.W. 582, 587 (1941), in which we stated: " 'In many instances, persons not made nominal parties to the action or proceeding are, nevertheless, represented by such parties, and therefore are, in the absence of collusion, bound by the judgment. . . .' "

In arguing for a contrary result Pflasterer apparently relies on our observation in *Koliopoulos I* that "No issue being here presented as to any rights as between Pflasterer and Koliopoulos, none is decided." 204 Neb. at 755, 285 N.W.2d at 498. Her reliance is misplaced. To say we do not decide an issue which is not presented is not to say that its presentation in a future action may not be barred by applicable legal principles.

AFFIRMED.

CLINTON, J., dissents.