WILLIAM N. SKINNER V. LEWIS A. WILSON.

FILED APRIL 18, 1906.   No. 14,251.

1. **Errors, Joint Assignment of.** Where several instructions are grouped in one assignment, and there is nothing in the language of the assignment to indicate that the objection goes to them severally, they will be examined only so far as may be necessary to determine whether any one of them was rightly given or refused. *World Mutual Benefit Ass'n v. Worthing*, 59 Neb. 587, and cases there cited.

2. ————. In the consideration of the assignments—the verdict is not sustained by sufficient evidence, is excessive and is contrary to law—instructions not complained of in such a way as to be reviewable in this court will be taken as the law of the case, and if when tested by such instructions the verdict is not vulnerable to the objections lodged against it the assignments will not be sustained.

3. **Evidence examined, and *held* sufficient to sustain the verdict.**

ERROR to the district court for Keya Paha county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Halleck F. Rose, W. H. Horton, W. C. Brown* and *W. B. Rose,* for plaintiff in error.

*Kirkpatrick & Hager* and *Lear & Wilhite, contra.*

ALBERT, C.

On the 21st day of May, 1902, the defendant was, and for many years had been, engaged in printing and publishing a newspaper, and conducting a general printing and publishing business in the village of Springview, in Keya Paha .county. His newspaper was known as the "Springview Herald," and was the only one printed in that county, and he enjoyed a monopoly of the business in which he was engaged. On the date mentioned, in consideration of the sum of $1,400, he executed a bill of sale to the plaintiff, whereby he transferred the newspaper and printing plant and good will of his said business to the plaintiff. The bill of sale, among other things, contains the following stipulation: "I hereby bind myself that I will not engage in the newspaper or job-printing business within the limits of said Keya Paha county for the next ten years following the date of these presents, in any way, shape or manner, and in case I fail to keep this last understanding, agreed upon by myself with the said Lewis A. Wilson, I further bind myself by these presents to pay the said Lewis A. Wilson in good and lawful money of the United States the penal sum of $2,000 as damages for the nonfulfilment of this said stipulation." The plaintiff went into possession of the property, and at once engaged in the business theretofore conducted by the defendant, and for about two years thereafter likewise enjoyed a monopoly of the business in that county. On the 5th day of May, 1904, another newspaper, called the "Keya Paha County News," and printing plant was established in the same village. From that date until the following September the new plant was ostensibly owned and conducted by the defendant's wife, but the plaintiff avers, and the evidence sufficiently shows, that the defendant was the real owner, and controlled and managed the business. In the month last mentioned a sale of the new plant was made to a third party, who still owns and conducts the business at that place. The plaintiff then brought suit

against the defendant, alleging a breach of the stipulation hereinbefore set out, and laying his damages at $2,000. The answer is a general denial of all the allegations of the petition. The trial court submitted the cause to the jury on the theory that the amount named in the stipulation should be regarded as liquidated damages, which was covered by an instruction directing them to award $2,000 damages in case they found for the plaintiff. The jury found for the plaintiff, and awarded damages as directed, and judgment was given accordingly. The defendant brings error.

One of the complaints now urged by the defendant is that the evidence is insufficient to warrant a finding that he had engaged in the newspaper or job-printing business in violation of his agreement with the plaintiff. The evidence shows that, while the new plant was purchased in the name of the defendant's wife, the defendant himself was concerned in it, and that, although he was engaged in banking in the same town, he negotiated a loan for the purchase price with another bank, signing his wife's note as surety. It also shows that he referred to the new plant as his or "ours," and that he set type, solicited business, made contracts for business for the new plant, wrote for the newspaper, and in many other ways so conducted himself with reference to it as to warrant the jury in finding that he was either the real owner or so concerned in its management as to convict him of a violation of his agreement with the defendant. In fact, his entire transaction with reference to the new plant is of such a character as to warrant the jury in finding that the ostensible ownership and management of the new plant by his wife was a mere device by which he sought to shield himself from the consequences of a violation of his agreement.

The principal contention of the defendant is that the court erred in submitting the cause on the theory that the amount named in the stipulation was to be regarded as liquidated damages. The only exception taken by the defendant to the charge of the court was to the instruction covering that theory. That exception was made in the

form of a written objection, which was allowed by the court and filed with the clerk. Afterwards, and before the jury had returned a verdict, the defendant, by leave of court, withdrew his exception. After verdict he filed a motion for a new trial, in which he grouped this instruction and five others, some at least of which are clearly right. It has become a settled rule of practice in this state that when several instructions are grouped in one assignment, and there is nothing in the language of the assignment to indicate that the objection goes to them severally, they will be examined only so far as may be necessary to determine whether any one of them was rightly given or refused. This rule was applied in *World Mutual Benefit Ass'n v. Worthing,* 59 Neb. 587, and the several cases there cited. It is invoked by the plaintiff in this case, and there seems to be no escape from it, save by overruling the long line of cases in which it has been applied, which we are not disposed to do. The rule is perhaps technical, but it is not to be condemned solely on that ground. The orderly and economical administration of justice necessitates rules of practice, and, however liberal such rules may be, there must still be somewhere a dividing line between doing and not doing, compliance and noncompliance. This of necessity gives rise to what are commonly called technicalities, and they are unavoidable under any system for the administration of justice according to law. But the defendant contends that whether the amount named in the stipulation should be held to be liquidated damages, or merely a penalty, is sufficiently raised by the assignments that the verdict is not sustained by sufficient evidence, is excessive and contrary to law. As we have seen, the instructions cannot be reviewed at this time. They must be regarded, therefore, as the law of the case. *World Mutual Benefit Ass'n v. Worthing, supra.* By one of them the jury were instructed to the effect that, in case they found for the plaintiff, the sum named in the stipulation would be the measure of his damages. In awarding $2,000 damages the jury merely followed that instruction, which, in view

of the record, must be regarded as the law of the case as to the measure of damages, and a verdict that responds to it cannot be regarded as excessive nor as contrary to law.

Ordinarily, technical rules are applied with some reluctance, but in this case it does not appear that to do so will work any injustice. The defendant at the time of the sale to the plaintiff was an experienced newspaper man and printer, and had conducted the plant sold to the plaintiff for a number of years. The plaintiff was without experience. When he bought the plant he also bought and paid for the good-will and immunity from defendant's competition within the county for a period of ten years. Within two years the defendant entered the field as a competitor. The fact that he was a banker and an experienced newspaper man who had formerly occupied the field made him a formidable rival. His transfer of the new plant to a third party necessarily carried with it a portion of the good-will which he had transferred to the plaintiff for a consideration. Had he been dealing with tangible property his conduct would be called by an ugly name. By the violation of his contract he inflicted substantial losses upon the plaintiff, and set in motion certain forces which will cause him losses for some time to come. The extent of such losses are unascertainable. While we may be morally certain that they have resulted or will result, evidence from which they could be computed with any degree of certainty could not be obtained. The case then presents this dilemma: If the amount named be regarded as liquidated damages, the defendant is liable to suffer injustice; if it be regarded as a penalty, the plaintiff by reason of the inherent difficulty of proving his damages is liable to suffer loss. Confronted by such a dilemma, there should be no complaint if the loss be allowed to fall on the head of the wrongdoer, who made his agreement voluntarily, and was pressed by no hard necessity to violate it.

It is recommended that the judgment of the district court be affirmed.

DUFFIE, C., concurs.

JACKSON, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.