JACK WEBBER ET AL., APPELLANTS, V. CITY OF SCOTTSBLUFF, NEBRASKA, APPELLEE.

50 N. W. 2d 541

Filed December 21, 1951. No. 33037.

*Mothersead, Wright & Simmons,* for appellants.

*Jack E. Lyman,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Jack Webber and Mamie Webber commenced this action in the district court for Scotts Bluff County against the city of Scottsbluff. The purpose of the action is to quiet and confirm in them, as against the city, the title to certain land therein described. After trial the action was dismissed. Plaintiffs filed a motion for new trial and, from the overruling thereof, appealed.

This action involves the same land as was involved in the condemnation action brought by the city and considered by this court in the case of Webber v. City of Scottsbluff, 150 Neb. 446, 35 N. W. 2d 110. It is a companion case to No. 33036, the opinion in which is reported at *ante* page 48.

Appellee pleaded that it was the owner of the real estate by reason of and through the condemnation proceedings which it had initiated. In view of that fact, as to all questions that were or could have been raised in the condemnation proceeding, the following principle is here applicable: "The rule is well settled that a judgment on the merits in the trial of a civil action constitutes an effective bar and estoppel in a subsequent action upon the same claim or demand, not only as to every matter offered and received to sustain or defeat the claim or demand, but also as to any other admissible matter which might have been offered for such purpose." Lowe v. Prospect Hill Cemetery Assn., 75 Neb. 85, 106 N. W. 429.

All the contentions here made are the same as those presented in No. 33036. Therein we disposed of the questions raised contrary to appellants' contention and affirmed the district court's ruling. That opinion is here controlling. In view thereof we find the order of dismissal to be correct and it is affirmed.

AFFIRMED.