MIDWEST FRANCHISE CORPORATION, A CORPORATION,
APPELLANT, V. ROBERT J. WAKIN, APPELLEE.

268 N. W. 2d 737

Filed July 19, 1978.   No. 41611.

Frank Meares, for appellant.

David A. Johnson, Ronald H. Stave, and Lee H. Hamann, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. J.

In this action, plaintiff seeks to recover from the defendant the sum of $20,800. In its amended petition plaintiff alleged the following: That it is a corporation doing business in Nebraska and that defendant is a resident of Douglas County, Nebraska; that plaintiff had filed a previous action in the District Court for Douglas County, Docket 675, No. 287; that the District Court had entered a judgment in that action prohibiting the officers, directors, and shareholders of the M. T. S. Corporation from being directly or indirectly engaged or financially interested in the low-cost steak dinner restaurant business within a radius of 25 miles from the location where the Bonanza Sirloin Pit was established in Council Bluffs, Iowa, and prohibiting the officers, directors, and shareholders, for a period of 2 years from the date of termination of the franchise agreement between plaintiff and M. T. S. Corporation from engaging, directly or indirectly, in the low-cost steak dinner restaurant business anywhere in the United States without the express consent of Bonanza International; that on May 17, 1974, the officers, directors, and shareholders of the M. T. S. Corporation were the defendant Robert J. Wakin; that Robert J. Wakin, being the shareholder, director, and officer of M. T. S. Corporation, had violated the previous judgment of the District Court by engaging in a low-cost steak dinner restaurant business within a radius of 25 miles from the Bonanza Sirloin Pit location in Council Bluffs; and that as a result of defendant's violation of the court's judgment, plaintiff was damaged in the sum of $20,800 in nonpayment of royalties.

Defendant filed a motion to dismiss plaintiff's petition which the District Court sustained. The court specifically found: (1) That the judgment rendered in the action entitled Midwest Franchise Corporation v. M. T. S. Corporation in the District Court for

Douglas County, Docket 675, No. 287, was res judicata to plaintiff's right to bring the present action, (2) that the amendment to judgment dated June 2, 1976 (in the action at Docket 675, No. 287), by which the court declared that the officers, directors, and shareholders of M. T. S. Corporation should not in any capacity, directly or indirectly, be engaged or financially interested in the low-cost steak dinner restaurant business within a radius of 25 miles from the location where Bonanza Sirloin Pit was established in Council Bluffs was null and void because it constituted an injunction which operated retrospectively instead of prospectively; and (3) that the defendant Robert J. Wakin was not bound by the amendment to judgment because he was not a party to the previous action. Plaintiff appeals from the sustaining of defendant's motion to dismiss. We affirm the judgment of the District Court.

Included in the record is a complete copy of the transcript of the proceedings at Docket 675, No. 287. In that action plaintiff sued Robert J. Wakin and M. T. S. Corporation for a declaratory judgment. Attached to its petition was a copy of a Bonanza Sirloin Pit license agreement between plaintiff and M. T. S. Corporation. Plaintiff in its petition stated "that the Court should construe the contract and enter judgment for the amount due for royalties in light of the interpretation made of the contract relative to royalty payments due, the nature and extent and duration thereof." That action was filed on May 15, 1974.

Plaintiff's petition in that action, as originally filed, alleged that Robert J. Wakin was the sole shareholder, principal director, officer, and policymaker of M. T. S. Corporation, and that the corporation was an extension of Robert J. Wakin individually, his alter ego, agent, and servant, and asked that the corporate veil be pierced and that Robert J. Wakin be held individually and jointly lia-

ble with M. T. S. Corporation on the judgment. Defendants filed a motion to make more definite and certain, asking the court to strike plaintiff's allegations that M. T. S. Corporation was the alter ego of Robert J. Wakin and generally to strike all references to Robert J. Wakin individually in the petition. The District Court treated this motion as a demurrer, and, after having examined briefs on the issue submitted by both sides, granted the motion. Plaintiff subsequently filed an amended petition with Robert J. Wakin deleted as a party.

On March 19, 1976, the District Court entered its judgment finding that the effective date of termination of the license agreement was May 17, 1974, and that royalty payments were due the plaintiff for the period February 26, 1974, to July 17, 1975, together with interest, in the sum of $5,496.17. M. T. S. Corporation was enjoined from using any trade names, et cetera, indicative of "Bonanza Sirloin Pit" and was directed to remove a black bull from its building. On June 2, 1976, the court filed its amendment to judgment referred to previously. Plaintiff filed an appeal in this action with this court but appeared and voluntarily dismissed its appeal. The mandate of this court, dismissing the appeal, was entered on August 5, 1976. This action was filed on August 19, 1976.

In Niklaus v. Phoenix Indemnity Co. of New York, 166 Neb. 438, 89 N. W. 2d 258 (1958), we held: " 'All matters in issue in a former action and judicially determined are conclusively put at rest by a judgment therein and may not again be litigated in a subsequent action.' " In 50 C. J. S., Judgments, § 657, p. 102, it is stated: "A judgment on the merits, rendered in a former suit between the same parties or their privies, on the same cause of action, by a court of competent jurisdiction, operates as a bar not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other

matter which might with propriety have been litigated and determined in that action." See, also, Wischmann v. Raikes, 168 Neb. 728, 97 N. W. 2d 551 (1959); Webber v. City of Scottbluff, 155 Neb. 60, 50 N. W. 2d 541 (1951).

"A judgment is not pleadable in bar of a second action unless it is founded on the same identical or substantially identical cause of action, and within this rule the commonly applied test of identity is whether the same evidence would sustain both suits." 50 C. J. S., Judgments, § 648, p. 82. See, also, State ex rel. Weasmer v. Manpower of Omaha, Inc., 163 Neb. 529, 80 N. W. 2d 580 (1957).

In order for a previous action to act as res judicata to a present action, the parties to the present action must be identical to or in privity with the parties in the previous action. In Schurman v. Pegau, 136 Neb. 628, 286 N. W. 921 (1939), we noted: " 'Privity depends upon the relation of the parties to the subject matter, * * *. Privity implies a relationship by succession or representation between the party to the second action and the party to the prior action in respect to the right adjudicated in the first action.' " In 50 C. J. S., Judgments, § 794, p. 331, the authors state: "As a general rule, a stockholder is so in privity with, and represented by, the corporation that he is bound by a judgment for or against the corporation in so far as it deals in corporate rights and liabilities and affects the stockholders as a body, where it was not obtained by fraud or collusion; but he is not bound with respect to individual rights and liabilities or rights and liabilities which are not common to all the stockholders."

Application of the above-cited principles to the facts in this case conclusively demonstrates that the District Court correctly concluded that the previous action, Midwest Franchise Corp. v. M. T. S. Corp., Docket 675, No. 287, was res judicata as to plaintiff's present action.

Defendant, Robert J. Wakin, as a shareholder, officer, and director of M. T. S. Corporation is in privity with that corporation, defendant in the previous action. Plaintiff's present cause of action is based upon the identical factual situation as the previous action; namely, the operation of a low-cost steak dinner restaurant in alleged violation of a franchise agreement between plaintiff and M. T. S. Corporation. In the previous action plaintiff originally named Robert J. Wakin as an individual defendant, but he was dismissed as a party from the action. Plaintiff voluntarily dismissed its appeal in that action.

The District Court also correctly determined that the amendment to judgment dated June 2, 1976, in the previous action was ineffective as to Robert J. Wakin, individually. Wakin was not named as a defendant in plaintiff's amended petition upon which the case was tried and judgment entered, having been dismissed from the action previously.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.