ALAN BAER, APPELLANT AND CROSS-APPELLEE, V. SOUTHROADS
MALL LIMITED PARTNERSHIP AND SHOPPING CENTER PARTNERSHIP,
APPELLEES AND CROSS-APPELLANTS.

566 N.W.2d 734

Filed May 23, 1997.    No. S-95-153.

Tory M. Bishop and Michael K. Bydalek, of Kutak Rock, for appellant.

Robert A. Gust, of Gust & Zerin, and Julie L. Nicolas, of Mills, Watts & Nicolas, for appellees.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, JJ., and SPETHMAN, D.J., and GRANT, J., Retired.

SPETHMAN, D.J.

In this action for the alleged conversion of rents, Alan Baer claims the district court erred in awarding him insufficient damages. Appellees and cross-appellants, Southroads Mall Limited Partnership (Southroads) and Shopping Center Partnership (SCP), claim, inter alia, that Baer's action is barred by res judicata.

### ASSIGNMENTS OF ERROR

Baer claims the district court erred by not awarding him damages in the full amount of $316,000 as prayed for in his

petition. In response, Southroads and SCP contend that the district court erred by (1) awarding Baer any money that was collected prior to the date Baer perfected his interest in the rents at issue, (2) awarding net rents from the date payment was missed, as opposed to the date an "event of default" existed as defined by the deed of trust, and (3) finding conversion without any findings of the necessary elements.

On cross-appeal, Southroads claims that the court erred in declining to find that this matter was barred by res judicata. On cross-appeal, SCP claims, restated, that the court erred in finding that SCP is subject to jurisdiction in the State of Nebraska and in granting summary judgment without a finding of fact as to each element. SCP adopted all of the arguments of Southroads and addressed only the issues unique to personal jurisdiction.

## FACTS

*Underlying Case.*

On or about April 1, 1984, Patrician Equities Corp. (Patrician) executed and delivered to Baer a valid deed of trust note ·(note) in the original principal amount of $3,385,487.02. To secure the payment of the note and performance of all other obligations, Patrician duly executed and delivered to Baer a deed of trust and security agreement (deed of trust). Through the deed of trust, Patrician granted Baer a lien upon, among other things, all of Patrician's right, title, and interest in and to all rents and profits (rents) from the property which is known as the Southroads Mall in Bellevue, Nebraska.

On or about June 12, 1992, Southroads succeeded to all Patrician's rights and obligations related to the property, including the note and deed of trust. In June 1992, the general partner of Southroads was Southroads Mall, Inc.

As of June 12, Shopco Management Corp. (Shopco) managed the property for Southroads and collected rents from the property for Southroads. Shopco hired Trammell Crow Realty Advisors (Trammell Crow) to be asset manager for Southroads. Shopco maintained a management account that was the property of Southroads and which account could be accessed by Shopco as the property manager. In the summer and into the fall

of 1992, Shopco possessed approximately $300,000 in rents and money derived from the normal operations of the property. As of July 1, 1992, Southroads, as successor-in-interest to Patrician, was in default under the terms and provisions of the note and deed of trust for failure to make the principal and interest payment in the amount of $29,710.07. Baer commenced an action to foreclose on the deed of trust on July 29, entitled "Alan Baer v. Patrician Equities Corp., Southroads Mall Limited Partnership, et al.," Sarpy County District Court, docket 9268, page 1043, hereinafter called the underlying case. The petition in the underlying case stated, inter alia, that on or about April 1, 1984, Patrician executed and delivered to Baer the note in the amount of $3,385,487.02; the deed of trust was issued to Baer to secure the payment of the note; and Patrician was in default as of July 1, 1992, for failure to make the principal and interest payment in the amount of $29,710.07. The petition prayed for the appointment of a receiver to take possession of the property and to collect the rents.

On August 25, 1992, the management account, containing a balance of $316,000, was transferred by Shopco to an account maintained by Trammell Crow.

On August 31, 1992, a receiver was appointed by the court. The order appointing the receiver stated that "[a]ny and all persons in possession of the Property, as such term is defined in the Petition . . . shall, upon request, immediately surrender the Property to the Receiver." After this date, Southroads turned over the property and did not receive any rents therefrom.

On September 2, 1992, Baer and the receiver demanded that Southroads turn over approximately $316,000 from its management account maintained by Trammell Crow. Baer alleged this account contained rents collected from the property to which he was entitled. According to Southroads, this amount represented money that accumulated prior to July 1, 1992, the date of default. Determining that the money belonged to it, Southroads refused to turn it over to Baer. Trammell Crow ultimately transferred the money to an account in the name of SCP, which is located in Hastings, Minnesota.

On June 25, 1993, a motion for order to show cause was filed in the underlying case. The motion stated that

the Receiver believes that Defendant Southroads . . . has collected from some or all of the mall tenants rental income relating to the calendar months of July and August, 1992 ("July and August Rents").

. . . Because the July and August Rents came due and (the Receiver believes) were collected by Defendant Southroads . . . after the occurrence of an event of default under the Deed of Trust, the July and August Rents are part of the "Property" the Court ordered surrendered to the Receiver pursuant to the Order Appointing Receiver.

In response, Southroads stated that the order appointing the receiver did not grant the receiver the right of possession or the rents accruing from the property prior to August 31, 1992. Further, it stated that Southroads complied with the order appointing the receiver and that, since the appointment of the receiver on August 31, 1992, it has not collected any rents from the property.

The motion was heard on October 4, 1993. At that time, the court stated that it had earlier explained to counsel that the hearing would include whether Southroads was "in contempt of Court and an accounting and specifically to submit proof of any monies received by said Defendant after the Receiver was appointed which was on August 31, 1992." (Emphasis in original.) The court issued the order on November 22, 1993, and found that Southroads did not receive funds from the tenants at the property after the appointment of the receiver on August 31, 1992, and was therefore not in contempt of court. Next, the court stated that "even prior to [the determination of whether an accounting was required] would be the legal issue of whether rents collected by said Defendant or others on behalf of said Defendant, prior to August 31, 1992, were required to be turned over to the Receiver." The court stated that it had reviewed the briefs of counsel and found that Southroads was not required to do so. Therefore, the court found that "unless said Defendant received rents after August 31, 1992, there is no accounting to be done. Again relying on counsel that said Defendant did not receive rents directly from tenants after August 31, 1992, the Court finds no account is due."

*Instant Action.*

In a new action, filed on April 7, 1994, Baer filed a petition against both Southroads and SCP for conversion. This petition stated, inter alia, that on or about April 1, 1984, Patrician executed and delivered to Baer the note in the amount of $3,385,487.02; the deed of trust was issued to Baer to secure the payment of the note; and Southroads was in default as of July 1, 1992, for failure to make the principal and interest payment in the amount of $29,710.07. The petition further alleged that on September 2, Baer demanded that Southroads, through Trammell Crow, turn over the rents held in its management account. The petition further alleged that Southroads wrongly transferred the rents to an SCP account. Baer alleged he is entitled to these rents under the note and deed of trust and prayed that the court award him rents in the amount of $316,000 plus interest.

SCP made a special appearance, objecting to personal jurisdiction. Southroads then filed a motion to dismiss Baer's petition because the issue of whether Baer was entitled to the rents had already been determined in the underlying case, thus barring this action based on the doctrine of res judicata. This motion was denied. On July 5, 1994, Southroads moved for summary judgment.

After a hearing on these issues, the court found a genuine issue of material fact existed as to Baer's rights prior to the appointment of the receiver on August 31, 1992, and therefore denied Southroads' motion for summary judgment. Additionally, the court stated that the issue before the court in the instant action was neither raised nor resolved and could not have been raised or resolved in the underlying case. The court referred to its order of November 22, 1993, wherein it specifically stated that it would consider only whether Southroads was in contempt of court for monies received by Southroads after the receiver was appointed. Further, the court stated that in the November 22 order it found that the *receiver* was not entitled to rents collected prior to its appointment and did not determine the issue of *Baer's* right to collect rents prior to the receiver's appointment. The court also found that personal jurisdiction could

properly be asserted by the Sarpy County District Court over SCP.

On November 30, 1994, Baer moved the court for summary judgment. On December 12, Southroads filed a cross-motion for summary judgment, requesting that the court grant summary judgment against Baer. These motions were heard on December 23. The court determined that there was no issue of fact and that Baer was entitled to judgment as a matter of law for the rents collected for July and August 1992. The court then awarded Baer $146,016.68. Baer appealed, claiming this award insufficient.

We conclude, for the reasons set forth hereinafter, that this case is barred by res judicata.

Baer argues that res judicata does not apply to bar the present suit. He argues that because the issue of his right to collect rents prior to August 31, 1992, was not litigated or adjudicated in the underlying case, that issue cannot be barred by res judicata in the instant action. In support of this argument, Baer relies on the district court's order issued November 22, 1993, which he states clearly indicates the court "was not addressing *Baer's* rights to rents collected prior to August 31, 1992." (Emphasis supplied.) Brief for appellant on cross-appeal at 27.

We specifically addressed the effect of res judicata on issues not decided in an earlier action in *Pflasterer v. Koliopoulos*, 213 Neb. 330, 328 N.W.2d 789 (1983). *Pflasterer* was the third case in a series of cases involving the estate of Theodore N. Ganaros. The second case in the series was *Omaha Nat. Bank v. Koliopoulos*, 204 Neb. 752, 285 N.W.2d 496 (1979), in which the court rejected the executor's effort to set aside the transfer by Ganaros of 255 shares of capital stock to his nephew, Sam Koliopoulos. In *Pflasterer*, Ganaros' daughter, Marian Pflasterer, sued Koliopoulos, seeking to impress a constructive trust on the 255 shares of capital stock. Pflasterer sought to avoid the application of res judicata by relying on the court's observation in *Omaha Nat. Bank* that " '[n]o issue being here presented as to any rights as between Pflasterer and Koliopoulos, none is decided.' " *Pflasterer*, 213 Neb. at 335, 328 N.W.2d at 792. We held Pflasterer's claim was barred by res judicata. In applying res judicata as a bar, we stated that "[t]o say we do not decide an issue which is not presented is not to say that its presenta-

tion in a future action may not be barred by applicable legal principles." *Id.*

The same rationale applies to Baer's argument that the district court did not decide the issue of his right to the rents. Simply because the issue was not specifically presented to the district court in the underlying case does not bar the application of res judicata to the instant action. It does not matter whether the court in the underlying case actually addressed Baer's right to the rents. It is well settled that

> "[a] judgment on the merits, rendered in a former suit between the same parties or their privies, on the same cause of action, by a court of competent jurisdiction, operates as a bar not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action."

*Midwest Franchise Corp. v. Wakin,* 201 Neb. 450, 453-54, 268 N.W.2d 737, 739 (1978) (quoting 50 C.J.S. *Judgments* § 657 (1947)). See, also, *Pflasterer, supra; Wischmann v. Raikes,* 168 Neb. 728, 97 N.W.2d 551 (1959); *Webber v. City of Scottsbluff,* 155 Neb. 60, 50 N.W.2d 541 (1951).

It is clear from the record that the foreclosure action in the underlying case was on the merits and that the underlying case involved the same parties or their privies as the instant action. In the underlying case, Baer was the plaintiff, and Southroads was a defendant. Similarly, in the instant action, Baer is the plaintiff, and Southroads and SCP are the defendants. The addition of SCP as a defendant in the instant action does not render res judicata inapplicable, because SCP is in privity with Southroads by way of their relationship to the contested funds. Privity depends upon the relation of the parties to the subject matter and not their activity in a suit relating to it after the event. *Hickman v. Southwest Dairy Suppliers, Inc.,* 194 Neb. 17, 230 N.W.2d 99 (1975). Both SCP and Southroads at one time held the funds to which Baer argues he is entitled. Therefore, it is evident that Southroads and SCP have the same relation to the subject matter.

Having determined that the judgment in the underlying case was on the merits and rendered in a former suit between the

same parties or their privies, it is necessary to determine if the judgment in the underlying case was on the same cause of action as is presented in the instant action. The general test to determine the identity of causes of action is "whether the same evidence will sustain both the present and former actions." *Pflasterer*, 213 Neb. at 333, 328 N.W.2d at 791 (citing *Vantage Enterprises, Inc. v. Caldwell*, 196 Neb. 671, 244 N.W.2d 678 (1976)). It is clear from the transcript that the same evidence will sustain both the underlying case and the instant action. The underlying case was brought by Baer to recover everything to which he was entitled under the deed of trust, specifically including the rents. Paragraph 34 of Baer's petition in the underlying case alleges: "The Deed of Trust provides that in the event of a default Baer may, either in person or by a court-appointed receiver, enter upon and take control of the Property and collect the Rents therefrom." The same cause of action is the source of the instant action, in which Baer seeks to recover rents he claims he is entitled to under the deed of trust. Paragraphs 8 and 9 of his petition state that his rights arise because "[t]hrough the Deed of Trust, Patrician assigned and conveyed to Baer all of Patrician's right, title and interest in and to all rents and profits ("Rents") from the Property [and] the Deed of Trust stipulates that Baer is entitled to possession and rents upon default of the Note . . . ." Even if the same issues had not been raised in both suits, Baer's claim in the instant action *could* have been raised in the underlying case. The scope of the res judicata bar "encompasses not only the issues actually litigated in the prior proceeding but also those issues which *could have been raised*." (Emphasis supplied.) *Pflasterer v. Koliopoulos*, 213 Neb. 330, 333, 328 N.W.2d 789, 791 (1983) (citing *Brommer v. City of Hastings*, 212 Neb. 367, 322 N.W.2d 787 (1982)). The issue in the underlying case was to determine and grant Baer's rights under the deed of trust, and it is that very same request, based upon the very same facts, that Baer makes in the present case.

Finally, for res judicata to apply, we must determine whether the judgment entered in the underlying case was issued by a court of competent jurisdiction. This issue is undisputed.

The adjudication of the underlying case was a final judgment on the merits, rendered between the same parties or their priv-

ies, on the same cause of action, by a court of competent jurisdiction. These elements satisfied, res judicata operates as a bar to Baer's claim to the rents, a matter which might with propriety have been litigated and determined in the underlying case. See, *Pflasterer, supra*; *Wischmann v. Raikes*, 168 Neb. 728, 97 N.W.2d 551 (1959); *Webber v. City of Scottsbluff*, 155 Neb. 60, 50 N.W.2d 541 (1951). As such, the doctrine of res judicata bars the instant action. Having so determined, it is unnecessary to consider any other assignments of error. The judgment of the district court is, therefore, reversed, and the cause is ordered dismissed.

REVERSED AND DISMISSED.