# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3137

_____

GHMC, Inc., a Nebraska corporation,        *
                                           *
            Appellant,                     *   Appeal from the United States
                                           *   District Court for the
     v.                                    *   District of Nebraska
                                           *
Brandywine Construction &                  *   [UNPUBLISHED]
Management, Inc.; Mark Berman;             *
Marc Esworthy; Scott Schaeffer;            *
Resource America, Inc.,                    *
                                           *
            Appellees.                     *

_____

Submitted: May 18, 2001

Filed: August 8, 2001

_____

Before MORRIS SHEPPARD ARNOLD and BYE, Circuit Judges, and GAITAN,[1] District Judge.

_____


PER CURIAM.

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for Western District of Missouri, sitting by designation.

The Redick Plaza Hotel, a restored art deco-style hotel in Omaha, is owned by 1504 Harney Associates, L.P., and was managed for some time by GHMC, Inc. By 1997, the Hotel had experienced serious financial troubles, and filed for Chapter 11 bankruptcy. Brandywine Construction and Management, Inc., took over financial management of the Hotel; GHMC, Inc. stayed on as the operations manager. Harney Associates later sought to rescind its management agreement with GHMC. Their dispute went to arbitration. The arbitrator rejected most of GHMC's damage claims, and a Nebraska state court subsequently confirmed the arbitrator's decision.

While that case was proceeding, GHMC filed a second case in Nebraska state court which the defendants soon removed to federal district court.[2] This is the appeal of that second case. The district court granted summary judgment to the defendants on the grounds that this case was barred by the doctrines of collateral estoppel and res judicata, and be cause GHMC could not withstand summary judgment on the merits. We review de novo the district court's grant of summary judgment, Collins v. Bellinghausen, 153 F.3d 591 (8th Cir. 1998) (standard of review), and we affirm.

Collateral estoppel bars the relitigation of issues decided in previous cases. See Jaramillo v. Burkhart, 999 F.2d 1241, 1245 (8th Cir. 1993). Nebraska's collateral estoppel law bars a party from relitigating an issue if: (1) the identical issue was decided in a prior action; (2) there was a final judgment on the merits; (3) the party against whom the rule is applied was a party to the prior action, or is in privity with a party; and (4) there was a full and fair opportunity to litigate the issue in the prior action. See Stewart v. Hechtman, 581 N.W.2d 416, 419 (Neb. 1998). GHMC's damage claims are barred by collateral estoppel. First, GHMC's damage claims in this case are identical to the damage claims ruled upon by the arbitrator in the first action. Second, despite GHMC's theory, its appeal of the state court's decision confirming the

_____

[2]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

arbitration award does not affect the conclusive effects of that decision.  See Peterson v. Neb. Natural Gas Co., 281 N.W.2d 525, 527 (Neb. 1979).  Third, because collateral estoppel precludes a plaintiff from simply "switching adversaries," Thomas Lake Owners Ass'n v. Riley, 612 N.W.2d 529, 531 (Neb. Ct. App. 2000), GHMC cannot avoid the preclusive effects of the fact that it was the losing party in both cases. Fourth, GHMC clearly had a full and fair opportunity to litigate its identical damage claims before the arbitrator.

This case is also barred by the doctrine of res judicata.  Under Nebraska law, "any rights, facts, or matter in issue directly adjudicated or necessarily involved in the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment . . . and cannot again be litigated by the parties and privies." Vann v. Norwest Bank Neb., 591 N.W.2d 574, 577 (Neb. 1999).  Here, GHMC recasts its causes of action from contract law to tort law, and changes, in form, its adversary by replacing Harney Associates with the present defendants.  Because GHMC's claims for tortious interference with contract, business relations, and business expectancy could have been raised in the state court case alongside the contract law claims, GHMC is barred from raising them in this case. See Baer v. Southroads Mall Ltd. P'ship, 566 N.W.2d 734, 739 (Neb. 1997). Moreover, the named defendants in this case were in privity with Harney Associates, which had no employees, and relied on the defendants as its agents to represent its interests.

In addition to these relitigation bars, GHMC's case cannot withstand summary judgment on the merits.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  The defendants' actions in relation to the management agreement were carried out on behalf of Harney Associates, and were clearly justified on these facts.  See Wiekhorst Bros. Excavating & Equip. Co. v. Ludewig, 519 N.W.2d 33, 39 (Neb. 1995).

For those reasons, we affirm the district court's order of summary judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.